**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**BELSA MARIA MARTINEZ CASTRO,**

***Petitioner*,**

**v.** **Case No. 5:26-CV-2542-JKP**

**MIGUEL VERGARA, et al.,**

***Respondents*.**

**ORDER GRANTING**
**PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is a Petition for Writ of Habeas Corpus (ECF No. 1) filed pursuant to 28 U.S.C. § 2241. Respondents (sometimes referred to as "the Government") have filed a response (ECF No. 6) to which Petitioner has filed a reply (ECF No. 7). Petitioner thereafter twice moved to expedite the case, *see* ECF Nos. 8 and 11, and more recently, Petitioner filed an Advisory (ECF No. 12) to alert the Court that she has now been detained more than 180 days. The petition and motions are ready for ruling.

Petitioner first moved to expedite because no action had been taken in the case and she could better prepare with counsel. Given the hundreds of similar habeas actions pending in this Court, those reasons provide no basis to expedite and simply waste valuable judicial time and resources. Petitioner later moved to expedite based on health concerns. While health concerns may provide a reason to expedite a habeas action over and above other habeas actions, the Court denies both motions as unnecessary because at this point it has already expedited this matter to the extent possible through its standard practice with habeas petitions. While an asserted medical emergency may be reason to expedite a particular case, numerous reasons prevented the Court from further expediting this matter.

Petitioner asserts several claims in her petition. Quoting 8 C.F.R. § 241.13(i)(2) in their

response, Respondents argue that a noncitizen's release may be revoked "if, on account of changed circumstances," it is determined that "there is a significant likelihood" that the alien may be removed in the "reasonably foreseeable future." Respondents contend that the revocation of Petitioner's release and the resulting detention were both legally permissible because of the change in circumstances relating to the ability to remove her from the United States via third country removal efforts. They boldly proclaim that they are working to remove Petitioner from the United States to a third country in the reasonably foreseeable future, and Petitioner has made no showing to the contrary. Through her filed reply brief in which, among other things, she clarifies that she challenges her detention on grounds that it violates 8 U.S.C. § 1231(a)(6) of the Immigration and Nationality Act as interpreted by *Zadvydas v. Davis*, 533 U.S. 678 (2001) and that Respondents improperly revoked her release in violation of due process.

After reviewing the briefing, provided evidence, and applicable law, the Court grants the petition based on the law as set out and analyzed in *Shengelia v. Ortega*, No. 5:25-CV-1545-JKP, 2025 WL 3654368 (W.D. Tex. Dec. 16, 2025); *Marquez-Amaya v. Thompson*, No. 5:25-CV-1501-JKP, 2025 WL 3654327, at *5 (W.D. Tex. Dec. 15, 2025). While there are differences between this case and those cited cases, none warrant a different result. For reasons previously stated in those cases, the Court finds that (1) there is no question that Petitioner has been detained longer than the presumptively reasonable six-month period recognized in *Zadvydas*; (2) Petitioner has provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future; and (3) Respondents have not responded with evidence sufficient to rebut that showing. Through the circumstances of Petitioner's detention and the undisputed facts, Petitioner has satisfied the requirements of *Zadvydas*.

Petitioner has been detained since April 10, 2026, with a final order of removal since July 29, 2024, when an immigration judge granted her withholding of removal to Honduras under the

Convention Against Torture and she waived appeal. After being detained 294 days prior to obtaining a final order of removal, immigration authorities released Petitioner from custody under an order of supervision on or about July 31, 2024. Despite that release, Petitioner was re-detained on April 10, 2026, following a regularly scheduled check-in with immigration authorities. At the time Respondents had not moved to reopen removal proceedings to designate a third country for removal. Nor did they commence Petitioner's current detention because they had located a country willing to accept her. They detained her without any explanation and without a removal plan. Upon her re-detention, Petitioner claimed fear of removal to Mexico, a claim scheduled to be heard this past May 2026. Now, six months after her re-detention, there is no indication that there is any significant likelihood of removal in the reasonably foreseeable future. Petitioner has explained why the effort to remove her to Mexico will likely fail. And Respondents have presented nothing to rebut that explanation. Nor have they presented anything to show any current effort to remove Petitioner to any other third country.

Taken as a whole, the circumstances provide good reason to believe that there is no significant likelihood of Petitioner's removal in the foreseeable future and Respondents have not rebutted that showing. The circumstances further support finding that, at the time Respondents revoked Petitioner's prior release, there was no significant likelihood that she may be removed in the reasonably foreseeable future as required by 8 C.F.R. § 241.13(i)(2). Respondents cannot simply rely on their contention that they are making efforts to remove Petitioner to a third country. And because they have shifted gears to exploring third-country removal, such shift provides additional reasons for further delay of removal as Petitioner contests her removal to Mexico. *See Alnajjar v. GEO Grp., Inc.*, No. 5:25-CV-0822-JKP, 2025 WL 3853217, at *5 (W.D. Tex. Dec. 23, 2025).

For the foregoing reasons, the Court **GRANTS** the Petition for Habeas Corpus (ECF No. 1) and **DENIES** the two motions to expedite (ECF Nos. 8 and 11). Under the circumstances of this

case, the Court concludes that habeas relief is proper and *Zadvydas* requires Petitioner's release from the unlawful detention. Fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 are not available in habeas corpus proceedings like this one. The Court treats the instant action solely as a habeas action under 28 U.S.C. § 2241 and declines to consider any claim other than the alleged *Zadvydas* violation.

**IT IS HEREBY ORDERED** that **on or before October 16, 2026**, Respondents shall **RELEASE Petitioner Belsa Maria Martinez Castro** from custody to a public location, under conditions no more restrictive than those in place before the detention at issue.

Respondents must **NOTIFY** Petitioner's counsel of the exact location and exact time of release as soon as practicable and no less than two hours before release.

Any possible or anticipated removal or transfer of Petitioner under this present detention is **PROHIBITED**.

No later than the next business day after the ordered release date, Respondents shall **FILE** a status report to confirm whether Petitioner has been released. If counsel for Petitioner disagrees with any aspect of the filed Status Report, counsel may file a separate Status Report.

A final judgment will be issued separately.

**IT IS SO ORDERED this 14th day of October 2026.**

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**